%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Howard Hirsch

**DEFENDANTS**
Keystone Custom Homes, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: **Chester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Lancaster**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gallagher Law Group, PC, 171 W. Lancaster Ave., Paoli, PA 19301
610-647-5027

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C.A. §§ 621, et seq

Brief description of cause:
Age Discrimination in Employment Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: 09/28/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

OCT 18 2010

UNITED STATES DISTRICT COURT

**JS** FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

5:10-CV-5492

10  5492

Address of Plaintiff: 320 Sidley Road, Malvern, PA 19355

Address of Defendant: 227 Granite Run Drive, Suite 100, Lancaster, PA 17601

Place of Accident, Incident or Transaction: Lancaster, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*
Case Number: N/A
Date Terminated: _____
Judge: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☐

CIVIL: (Place _in_ ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ____John A. Gallagher_____, counsel of record do hereby certify:

    X  Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

    ☐  Relief other than monetary damages is sought.

DATE: __September 28, 2010_____  _____John. A. Gallagher_____  ___61914___
                                          Attorney-at-Law                                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __September 28, 2010_____  _____John A. Gallagher_____  ___61914___
                                          Attorney-at-Law                                        Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

HOWARD HIRSCH

    Plaintiff

v.

KEYSTONE CUSTOM HOMES, INC. *et al.*

    Defendants

: Civil Action No.:

: JURY TRIAL DEMANDED

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| | | |
|---|---|---|
| **Date** 9/28/10 | **Attorney-at-law** John A. Gallagher | **Attorney for** Plaintiff |
| **Telephone** 610-647-5027 | **FAX Number** 610-647-5024 | **E-Mail Address** jag@johnagallagher.com |



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD HIRSCH<br><br>Plaintiff<br><br>v.<br><br>KEYSTONE CUSTOM HOMES, INC., *et al.*<br><br>Defendants | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

FILED
OCT 1 8 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### COMPLAINT

Plaintiff, Mr. Howard Hirsch, by and through his undersigned counsel, the Gallagher Law Group, P.C., files this Complaint against defendants, Keystone Custom Homes Inc., and KCH Holding, Inc., and in support thereof avers as follows:

### PARTIES

1. Plaintiff, Mr. Howard Hirsch, DOB 10/2/57, is an adult individual and resident of the Commonwealth of Pennsylvania who currently resides at 320 Sidley Road, Malvern, PA 19355.

2. Defendant Keystone Custom Homes, Inc. ("Keystone") is a corporation believed to be organized and/or existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at 227 Granite Run Drive, Suite 100, Lancaster, PA 17601.

3. Defendant KCH Holding, Inc. ("KCH") is a corporation believed to be organized and/or existing pursuant to the laws of the Commonwealth of Pennsylvania

with a principal place of business at 227 Granite Run Dive, Suite 100, Lancaster, PA 17601

4. KCH is the owner and/or principal and/or controlling partner of Keystone, and/or the true and/or joint employer of plaintiff along with Keystone. Keystone and KCH will be referred to jointly as "Keystone" in this Complaint.

5. Larry Wisdom and Jeffrey Rutt are adult individuals and, upon information and belief, residents of the Commonwealth of Pennsylvania.

6. At all times material hereto, Messrs. Wisdom and Rutt were employed in senior management positions with Keystone.

7. Messrs. Wisdom and Rutt participated in the decision to withhold accrued vacation pay to which plaintiff was entitled, and therefore are individually liable under Pennsylvania's Wage Payment and Collection Law, 43 Pa.C.S. §260.1 *et seq.* ("WPCL").

## JURISDICTION AND VENUE

8. The amount in controversy in this matter is in excess of the arbitration limits of this Court.

9. The Court has jurisdiction over this matter by its authority to hear cases arising under the laws of the United States, pursuant to 28 U.S.C. §1331. This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of his rights under The Age Discrimination Employment Act of 1967, 29 U.S.C.A. §§ 621, *et seq.*

10. The Court has jurisdiction over the state law claim set forth herein pursuant to 28 U.S.C. §1367(a), as such claim is closely related to the claim in the action within the Court's original jurisdiction.

11. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.

## FACTS

12. Mr. Hirsch was hired by Keystone as the Director of Finance in October 2002.

13. During all material times hereto, Mr. Hirsch was an exemplary employee of Keystone.

14. Indeed, Mr. Hirsch received a number of commendations, promotions and additional, important responsibilities during his tenure with Keystone.

15. However, on March 8, 2010, Mr. Hirsch was terminated by Keystone without cause.

16. As set forth below, Mr. Hirsch believes, and therefore avers, that his termination was in whole or in part motivated by unlawful factors, to wit, Mr. Hirsch's age.

17. On or about June 9, 2010, Mr. Hirsch timely filed a Charge of Discrimination against Keystone with the Equal Employment Opportunity Commission ("EEOC Charge"), dual filing same with the Pennsylvania Human Relations Commission ("PHRC").

18. On or about June 22, 2010, Mr. Hirsch timely filed a Charge of Discrimination against KCH and the individual defendants with the EEOC, dual filing same with the PHRC.

3

19. More than sixty (60) days have passed since the filing of the EEOC/PHRC Charges against all defendants.

## COUNT I – HOWARD HIRSCH v. KEYSTONE CUSTOM HOMES, INC. and KCH HOLDING, INC.
### Age Discrimination Pursuant to the Age Discrimination Employment Act, 28 U.S.C. §§ 621, et seq. ("ADEA")

20. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

21. Mr. Hirsch was fifty-two years of age at the time of his termination, and thus falls within a protected class of persons under the ADEA.

22. Mr. Hirsch was told at the time of his termination that he was being fired because the company had discovered in April 2009 (roughly 11 months before his termination) that he had posted his resume on Monster.com.

23. Mr. Hirsch was terminated without reasonable basis or cause.

24. The reasons stated to Mr. Hirsch at the time of his termination were a mere pretext for the true reason for terminating Mr. Hirsch, his age.

25. In fact, prior to terminating Mr. Hirsch, and for reasons wholly-unrelated to the pretextual reasons stated at the time of his firing, Keystone had already hired Danford Batten to replace Mr. Hirsch.

26. Upon information and belief Mr. Batten was between 39 and 40 years of age at the time he was hired by Keystone.

27. Keystone's discriminatory philosophies, practices, policies, and conduct violated The Age Discrimination Employment Act, 28 U.S.C. §§ 621 *et seq.*

28. As a result of Keystone's discriminatory conduct, plaintiff has suffered great losses, including backpay and forward pay, liquidated damages equal to the amount

of his lost wages, loss of benefits, great emotional distress, as well as other damages that will be proved at trial in this matter.

WHEREFORE, Plaintiff, Howard Hirsch, hereby demands judgment in his favor and against defendants Keystone Custom Homes and KCH Holding, Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as Your Honorable Court deems just and appropriate.

## COUNT I – HOWARD HIRSCH v. KEYSTONE CUSTOM HOMES, INC. and KCH HOLDING, INC.
### Age Discrimination Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 955(a), *et seq.* ("PHRA")

29. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

30. Mr. Hirsch was fifty-two years of age at the time of his termination, and thus falls within a protected class of persons under the PHRA.

31. Mr. Hirsch was told at the time of his termination that he was being fired because the company had discovered in April 2009 (roughly 11 months before his termination) that he had posted his resume on Monster.com.

32. Mr. Hirsch was terminated without reasonable basis or cause.

33. The reasons stated to Mr. Hirsch at the time of his termination were a mere pretext for the true reason for terminating Mr. Hirsch, his age.

34. In fact, prior to terminating Mr. Hirsch, and for reasons wholly-unrelated to the pretextual reasons stated at the time of his firing, Keystone had already hired Danford Batten to replace Mr. Hirsch.

35. Upon information and belief Mr. Batten was between 39 and 40 years of age at the time he was offered employment by Keystone.

36. Keystone's discriminatory philosophies, practices, policies, and conduct violated PHRA.

37. As a result of Keystone's discriminatory conduct, plaintiff has suffered great losses, including backpay and forward pay, loss of benefits, great emotional distress, as well as other damages that will be proved at trial in this matter.

WHEREFORE, Plaintiff, Howard Hirsch, hereby demands judgment in his favor and against defendants Keystone Custom Homes and KCH Holding, Inc., in a sufficient amount to fully compensate him for his losses, along with attorney fees, costs and such other relief as Your Honorable Court deems just and appropriate.

## COUNT III – HOWARD HIRSCH v. KEYSTONE CUSTOM HOMES, KCH HOLDING, INC., LARRY WISDOM AND JEFFREY RUTT
### Violation of the Pennsylvania Wage Payment and Collection Law

38. Plaintiff hereby incorporates by reference all other paragraphs of his Complaint as though more fully set forth at length herein.

39. During negotiations incident to his hiring, Mr. Hirsch and Keystone agreed that Mr. Hirsch could accrue unused vacation, and that any such accrued but unused vacation would be paid to him upon the cessation of his employment.

40. During his employment, Mr. Hirsch was always allotted three (3) weeks of vacation per annum.

41. During the roughly 7 ½ years of his employment with Keystone, Mr. Hirsch used approximately 1 week of vacation per annum.

42. Subsequent of his termination, Mr. Hirsch demanded his accrued, earned but unused vacation.

43. However, Keystone, acting by and through Messrs. Wisdom and Rutt, failed and refused to pay such accrued, earned and agreed upon vacation pay.

44. Keystone, and Messrs. Wisdom and Rutt particularly, knew Keystone was required to issue such vacation pay to Mr. Hirsch, but purposefully elected not to do so.

45. Mr. Hirsch is entitled to receive said vacation pay, along with attorney's fees, costs, liquidated damages equal to 25% of the amount of the unpaid vacation pay and all other relief appropriate under the WPCL.

WHEREFORE, Plaintiff, Howard Hirsch, hereby demands judgment in his favor and against defendant Keystone Custom Homes, Inc., KCH Holding, Inc., Larry Wisdom and Jeffrey Rutt in a sufficient amount to fully compensate him for his losses, along with attorney fees, liquidated damages, costs and such other relief as Your Honorable Court deems just and appropriate.

GALLAGHER LAW GROUP, P.C.

BY: _____
JOHN A. GALLAGHER, Esquire
Attorney ID. #61914
Counsel for Plaintiff
171 W. Lancaster Avenue, Ste. 100
Paoli, PA 19301
610-647-5027
610-647-5024 (FAX)
jag@johnagallagher.com